
# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **STATE OF ALABAMA ex rel.** | ] | |
| **MELISSA "MISSY" HALL and** | ] | |
| **MELISSA "MISSY" HALL, individually** | ] | |
| and on behalf of a class of all taxpayers | ] | |
| and duly qualified electors | ] | |
| of the City of Oxford, Alabama, | ] | |
| | ] | |
| **Relator/Plaintiff,** | ] | |
| | ] | |
| v. | ] | 1:18-cv-01424-ACA |
| | ] | |
| **OXFORD EMERGENCY** | ] | |
| **MEDICAL SERVICES INC, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

Presently before the court is Plaintiff Melissa Hall's "Notice of Voluntary Dismissal of Counts Seven and Twenty-Four and Motion to Remand." (Doc. 22). For the reasons explained below, the court **WILL GRANT** Plaintiff's motion and **WILL REMAND** the remaining claims to the Circuit Court of Calhoun County, Alabama.

### I. Procedural History

On July 31, 2018, Plaintiff Melissa Hall filed a complaint in the Circuit Court of Calhoun County, naming sixteen defendants: (1) Oxford Emergency Medical Services, Inc. ("Oxford EMS"); (2) Oxford EMS's Board of Directors ("the Board");

(3) Gregory Skinner, the Chairman of the Board; (4) Patrick Miller, the Vice-Chairman of the Board; (5) Randall Beshears, a member of the Board; (6) Marty Carter, a member of the Board; (7) Shannon Stephens, a member of the Board; (8) Ricky Howell, the Director of Oxford EMS; (9) the City of Oxford; (10) the City Counsel for the City of Oxford ("the Council"); (11) Alton Craft, the Mayor of the City of Oxford; (12) Phil Gardner, a member of the Council; (13) Charlotte Hubbard, a member of the Council; (14) Mike Henderson, a member of the Council; (15) Chris Spurlin, a member of the council; (16) Steven Waits, a member of the Council. (Doc. 1-2 at 5–8). Plaintiff also names Fictitious Defendants A through ZZZ, which the complaint describes as those "legally responsible for the events and happenings alleged in th[e] complaint and for Plaintiff's damages." (*Id.* at 8).

The complaint raises twenty-eight counts, of which only two are federal causes of action, those counts being Count Seven and Twenty-Four. (Doc. 1-2 at 16–50; Doc. 1-3 at 2–15). Both counts are based on alleged substantive due process violations under 42 U.S.C. § 1983. (Doc. 1-2 at 26–27; Doc. 1-3 at 11). Defendants subsequently removed the case to federal court, asserting that the court has original jurisdiction over the federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. (Doc. 1 at 3, 7). Defendants answered, (doc. 9) and filed separate motions to dismiss Plaintiff's complaint, (doc. 7; doc. 11). Rather than filing a response in opposition, Plaintiff

filed the present motion to voluntarily dismiss the federal claims and remand this case to state court. (Doc. 22).

## II. Plaintiff's Motion to Voluntarily Dismiss

Plaintiff moves to voluntarily dismiss Counts Seven and Twenty-Four of the complaint. Because the Defendants filed an answer, Hall may voluntarily dismiss her claims only upon order of the court. Fed. R. Civ. P. 41(a)(2). In such cases, "a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir. 1986). The purpose of the rule "is primarily to prevent voluntary dismissals which unfairly affect the other side" and the court should "bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id.* at 856.

Here, the Defendants agree that the claims should be dismissed with prejudice. Accordingly, because the court finds that Defendants will not suffer legal prejudice if Plaintiff's federal claims are dismissed with prejudice, the court **WILL DISMISS** Counts Seven and Twenty-Four.

## III. Remand

Plaintiff also requests that the court remand the remaining twenty-six state law claims to the Circuit Court of Calhoun County because the court "will no longer have subject matter jurisdiction due to the Plaintiff's voluntary dismissal of her federal causes of action." (Doc. 22 at 2–3). Although the court finds remanding the remaining state-law claims appropriate, the court disagrees with Plaintiff's reasoning.

As mentioned above, the court will grant Plaintiff's motion to voluntarily dismiss the claims over which it has original jurisdiction—the § 1983 claims. The court may exercise supplemental jurisdiction over state law claims if they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Once this standard is met, as it was here, the court has discretion to exercise jurisdiction over the state law claims, regardless of whether the federal claims have been dismissed. 28 U.S.C. § 1367(c).

Considering "judicial economy, convenience, fairness, and comity," and because the only federal claims in this case have been voluntarily dismissed, the court will decline to exercise supplemental jurisdiction over Plaintiff's remaining claims. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). This case involves Alabama state law claims and no discovery has taken place. The court also

4

finds it significant that Defendants do not oppose Plaintiff's request to remand. Therefore, the Court will decline to exercise supplemental jurisdiction over the remaining state-law claims pursuant to § 1367(c)(3) and **WILL REMAND** this case to the Circuit Court of Calhoun County.

**IV. Conclusion**

The court **WILL GRANT** Plaintiff's motion to voluntarily dismiss Counts Seven and Twenty-Four and **WILL REMAND** the remaining state-law claims to the Circuit Court of Calhoun County, Alabama.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this October 19, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE